PHILLIP A. TALBERT
United States Attorney
KEVIN C. KHASIGIAN
Assistant U. S. Attorney
501 I Street, Suite 10-100
Sacramento, CA  95814
Telephone: (916) 554-2700

Attorneys for the United States

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

             Plaintiff,

        v.

APPROXIMATELY $107,885.00 IN
U.S. CURRENCY,

             Defendant.

VERIFIED COMPLAINT FOR
FORFEITURE *IN REM*

The United States of America, by and through its undersigned attorney, brings this complaint and alleges as follows in accordance with Supplemental Rule G(2) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Action:

## NATURE OF ACTION

1.　　This is a civil action *in rem* to forfeit to the United States Approximately $107,885.00 in U.S. Currency (hereafter "defendant currency") involved in violations of federal drug laws.

2.　　The defendant currency was seized from Luis 'Nicolas' Serrano and Luis Angel Serrano on June 11, 2020, at 1744 Willow Park Way, Stockton, California.  The defendant currency is in the custody of the United States Marshals Service, Eastern District of California.

## JURISDICTION AND VENUE

3.　　This Court has jurisdiction over an action commenced by the United States under 28 U.S.C. § 1345, over an action for forfeiture under 28 U.S.C. § 1355(a), and over this particular action

Verified Complaint for Forfeiture *In Rem*

1    under 21 U.S.C. § 881.

2         4.        This district is a proper venue pursuant to 28 U.S.C. § 1355 because the acts giving rise

3    to this *in rem* forfeiture action occurred in this district, and pursuant to 28 U.S.C. § 1395 because the

4    defendant currency was seized in this district.

5                                              **FACTUAL ALLEGATIONS**

6         5.        In early May of 2020, law enforcement in San Joaquin County were contacted by a

7    confidential informant ("CI") regarding the CI being approached about a series of potential transactions

8    involving illegal narcotics.  The CI advised he was contacted by a father and son, Luis 'Nicolas'

9    Serrano ("Nicolas") and Luis Angel Serrano ("Serrano"), who were looking to purchase several

10   kilograms of powder cocaine.  In June 2020, the parties negotiated a price of $25,000 per kilogram of

11   cocaine and scheduled a meeting at the Holiday Inn Express on Kingsley Road in Stockton, California.

12   On June 11, 2020, law enforcement initiated physical surveillance at Nicolas's residence on Granada

13   Drive in Stockton and observed a blue Infiniti SUV arrive at Nicolas's residence.  A passenger emerged

14   from the blue Infiniti carrying a weighted brown paper bag—this individual proceeded into Nicolas'

15   residence with the weighted brown bag.  The blue Infiniti then departed.

16        6.        In a recorded phone call that day (June 11, 2020), the CI and Nicolas finalized their

17   cocaine transaction—Nicolas agreed to buy seven kilograms of cocaine for $175,000 in cash.  The pair

18   agreed to meet the same day to complete the cocaine transaction.  Prior to the meeting, law enforcement

19   provided the CI with an audio monitoring device and packages of a white powdery substance that

20   resembled kilograms of cocaine.  Law enforcement, still surveilling the residence on Granada Drive,

21   observed Nicolas and Serrano depart the Granada Drive residence in their Honda Civic and drive

22   toward the meeting location to obtain their cocaine.

23        7.        When Nicolas and Serrano arrived at the meeting location on Kingsley Road, Nicolas

24   told the CI that he had the $175,000 in cash to purchase the seven kilograms of cocaine.  However, he

25   did not bring the $175,000 in cash to the hotel.  Rather, the cash was at his Granada Drive residence

26   and Nicolas wanted the CI to bring the seven kilograms of cocaine to his home to complete the

27   transaction.  The CI declined the abrupt location change without first seeing the $175,000 in cash and

28   Nicolas left in the Honda Civic.

Verified Complaint for Forfeiture *In Rem*

8.      Law enforcement continued surveillance of Nicolas and the Honda Civic as they drove to Granada Drive.  Nicolas exited the Honda Civic, entered the residence, and quickly emerged carrying a cardboard box, which he placed in the trunk of the Honda Civic.  Nicolas then got into the driver's seat, Serrano sat in the front passenger seat, and the Honda Civic drove away from Granada Drive.

9.      Moments later over the telephone, Nicholas reiterated to the CI that the only way he would complete the transaction was if the CI came to Granada Drive with the cocaine.  If the CI refused, Nicolas planned to return the $175,000 in cash to the individual who provided him with the funds to purchase the cocaine, referred to as "the Boss."  During the call, law enforcement surveilled Nicolas and followed the Honda Civic to an address on Willow Park Way in Stockton.  When they arrived there, Nicolas and Serrano parked the Honda Civic in the driveway and exited the vehicle.  Law enforcement then engaged Nicolas and Serrano in the driveway of the home.

10.     Law enforcement searched Nicolas and Serrano, as well as the Honda Civic.  In the trunk of the Honda Civic, law enforcement found $107,885—the "defendant currency"—in cash inside a brown paper bag, which was concealed in the cardboard box.  The brown paper bag appeared to be the exact same paper bag observed earlier by law enforcement—i.e., when a blue Infiniti delivered the brown bag to the Granada Drive residence.  Law enforcement had observed same blue Infiniti parked in the driveway at the Willow Park Way property.

11.     The defendant currency was rubber-banded in stacks in the paper bag and consisted mostly of $20 bills.  Specifically, the defendant currency was broken down as follows:  18 $100 bills, 84 $50 bills, 4,717 $20 bills, 560 $10 bill, 351 $5 bills, and 190 $1 bills.

12.     After being read their *Miranda* rights, both Serrano and Nicolas denied attempting to purchase cocaine from the CI, denied knowing anything about the $107,885 in cash in the Honda Civic's trunk, and denied knowing the occupants of the house where they were arrested (the Willow Park Way property).  Nicolas and Serrano both signed disclaimers of ownership regarding the cash.  However, Serrano changed his mind at some point during the search and verbally claimed ownership of the seized cash.  Law enforcement also executed a search warrant at Nicolas's residence on Granada Drive the same day (June 11, 2021).  Law enforcement found over 100 marijuana plants and three

3

pounds of processed marijuana.

13.     On July 22, 2020, Nicolas and Serrano were charged in San Joaquin County Superior Court, Case No. CR-2020-0007650, with various state drug crimes.  On June 9, 2022, Serrano pled guilty to a state drug crime in relation to his conduct in or about June 2021.

14.     In December 2017, Serrano was arrested for an incident involving drugs and firearms, and subsequently pleaded guilty to a felony count of possession of a controlled substances while armed.

## FIRST CLAIM FOR RELIEF
### 21 U.S.C. § 881(a)(6)

15.     Paragraphs one to fourteen above are incorporated by reference as though fully set forth herein.

16.     The defendant currency is subject to forfeiture to the United States pursuant to 21 U.S.C. § 881(a)(6) because it was money furnished or intended to be furnished in exchange for a controlled substance or listed chemical, constituted proceeds traceable to such an exchange, and was used or intended to be used to commit or facilitate a violation of 21 U.S.C. §§ 841, *et seq*., an offense punishable by more than one year's imprisonment.

## PRAYER FOR RELIEF

WHEREFORE, the United States prays that:

1.     Process issue according to the procedures of this Court in cases of actions *in rem;*

2.     Any person having an interest in said defendant currency be given notice to file a claim and to answer the complaint;

3.     This Court enter a judgment of forfeiture of the defendant currency to the United States; and,

4.     The Court grant such other relief as may be proper.

DATED:  6/13/2023                                                PHILLIP A. TALBERT
                                                                United States Attorney


                                                        By:     /s/ Kevin C. Khasigian
                                                                KEVIN C. KHASIGIAN
                                                                Assistant U.S. Attorney

4

Verified Complaint for Forfeiture *In Rem*

1

**VERIFICATION**

2    I, Kevin D. Falls, hereby verify and declare under penalty of perjury that I am a Special Agent

3    with the Federal Bureau of Investigation, that I have read the foregoing Verified Complaint for

4    Forfeiture *In Rem* and know the contents thereof, and that the matters contained in the Verified

5    Complaint are true to the best of my knowledge and belief.

6    The sources of my knowledge and information and the grounds of my belief are the official files

7    and records of the United States, information supplied to me by other law enforcement officers, as well

8    as my investigation of this case, together with others, as a Special Agent with the Federal Bureau of

9    Investigation.

10    I hereby verify and declare under penalty of perjury that the foregoing is true and correct.

11    Dated: 6/12/2023             /s/ Kevin D. Falls
                                          KEVIN D. FALLS
12                                        Special Agent
                                          Federal Bureau of Investigation
13

14                                        (Signature retained by attorney)

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Verified Complaint for Forfeiture *In Rem*